IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHAYNE MARCUS NIXON,<br><br>        Plaintiff,<br>  v.<br><br>STATE OF OREGON – DIVISION OF CHILD SUPPORT, LAURA RUFALO, and AMY HOLMES-HEHN,<br><br>        Defendants. | Case No.: 3:25-cv-01969-AN<br><br>ORDER |

*Pro se* plaintiff Shane Marcus Nixon filed a civil rights complaint against defendants State of Oregon, Division of Child Support; District Attorney Laura Rufalo; and Multnomah County Circuit Court Judge Amy Holmes-Hehn. Plaintiff also seeks to proceed without paying filing fees—i.e., *in foma pauperis* ("IFP")—and requests appointment of *pro bono* counsel. For the reasons stated below, the Court grants plaintiff's IFP application, but finds that his complaint is frivolous, does not state a claim on which relief may be granted, and seeks damages against defendants with absolute immunity, and that the complaint could not be amended to cure such deficiencies. The complaint is therefore dismissed pursuant to 28 U.S.C. § 1915(e), without leave to amend. The request for appointment of *pro bono* counsel is denied as moot.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(a)(1) ("Section 1915") a district court may allow a party to commence litigation "without prepayment of fees or security therefor" if that party submits an affidavit showing that, in light of the assets of that party, they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "[T]he court may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials'" when determining what filing fee a plaintiff requesting to proceed IFP must pay, if any. *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 768

(9th Cir. 2023) (quoting *Alexander v. Carson Adult High Sch.*, 9 F.3d 1448, 1449 (9th Cir. 1993)). Section 1915 "applies to all persons notwithstanding" its references to incarcerated litigants. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)).

Additionally, section 1915 requires a court to dismiss a complaint on its own accord, even before service of process, if it determines that the complaint is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). First, a complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Second, a plaintiff fails to state a claim on which relief may be granted "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)); *see Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Third and finally, a court must dismiss a complaint on immunity grounds once it has "sufficient information to make a determination" that defendants are entitled to absolute or qualified immunity. *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016). If a court determines that any of these three standards applies, "section 1915(e) not only permits but *requires* a district court to dismiss an [IFP] complaint." *Lopez*, 203 F.3d at 1127 (emphasis added).

Given their general lack of familiarity with court procedures and jargon, pro se plaintiffs must be given the benefit of the doubt. Indeed, the Supreme Court has indicated that trial courts should use "less stringent standards" when evaluating *pro se* filings than those used for "formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Further, "[u]nless it is absolutely clear that no amendment can cure the defect" an unrepresented litigant proceeding IFP is "entitled to notice of the complaint's deficiencies and an

2

opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).  Nonetheless, a court is not required to provide an opportunity to amend "where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

## DISSCUSSION

Plaintiff has satisfied the economic eligibility requirements of 28 U.S.C. § 1915 and his IFP application is therefore granted.  *See* Appl. to Proceed *in Forma Pauperis*, ECF [1].  However, the complaint does meet the standard for stating a claim and therefore must be dismissed under 28 U.S.C. § 1915(e)(2)(B).  Because no amendment could cure the identified deficiencies, dismissal is with prejudice and without leave to amend.

Although not perfectly clear, plaintiff's claims center around child support orders entered in 2002 and 2005, a recent Multnomah County Circuit Court order denying plaintiff's motion to vacate those support orders, and related enforcement actions.  *See* Compl. & Exhibits, ECF [2], at 5 (seeking vacatur of "child support orders and enforcement actions from 2005 to present"), 8-9 (referencing child support orders and enforcement actions from the past twenty years, including Case No. "0205-65802"), 53-59 (plaintiff's petition for review of child support order, declaration in support, and excerpt of an order denying the petition).  Specifically, plaintiff contends that the Multnomah County Circuit Court did not have jurisdiction to enter or amend a child support order against him because he was not properly served. *Id.* at 11-12, 60-62.  Plaintiff argues that without proper service and jurisdiction, the child support order violates his due process rights and is void. *Id.* at 12-13.  The Court construes these allegations as attempting to make a claim under 42 U.S.C. § 1983 for deprivation of due process under the Fourteenth Amendment. *Id.* at 5.  Plaintiff is seeking "[d]ismissal with prejudice of all child support orders and enforcement actions," "restitution of all funds collected under" these orders, "[r]ecognition of [plaintiff's] right to pursue remedies under 42 U.S.C. § 1983," and any other such relief that the Court deems appropriate. *Id.* at 14.   In addition to not containing "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), plaintiff's complaint is barred by multiple abstention and

3

immunity doctrines.

### A. *Rooker-Feldman* Doctrine and *Younger* abstention

Plaintiff seeks to make "an end-run around state court proceedings and, as such, his claims are barred by the *Rooker-Feldman* doctrine." *Paris v. Orr*, Case No. 6:23-cv-01960-MC, 2004 WL 383669, at *1 (D. Or. Feb. 1, 2024). Under the *Rooker-Feldman* doctrine, district courts "ha[ve] no authority to review final judgments of a state court in judicial proceedings." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *see Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) ("*Rooker–Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment.") (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). Further, district courts must also refuse to hear cases where "the parties do not directly contest the merits of a state court decision" but where the "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Bianchi*, 334 F.3d at 898).

*Rooker-Feldman* bars all of plaintiff's claims. By seeking the "[d]ismissal with prejudice of all child support orders and enforcement actions," and the "restitution of all funds collected[,]" plaintiff is asking the Court to review and overturn the state court's child support orders. Compl. & Exhibits 14. *Rooker-Feldman* prohibits exactly this kind of action. *See Doe v. Mann*, 415 F.3d 1038, 1042–43 (9th Cir. 2005) (quoting *Bianchi*, 334 F.3d at 900) ("Stated plainly, *Rooker–Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims."). Unpublished circuit court decisions have repeatedly affirmed dismissals under *Rooker-Feldman* of challenges to child support orders. *See, e.g.*, *Kernan v. Div. of Child Support Enf't*, 70 F. App'x 481 (9th Cir. 2003) (affirming dismissal of section 1983 claims against the Oregon Division of Child Support Enforcement under the *Rooker-Feldman* doctrine); *Redford v. Gwinnett Cnty. Judicial Circuit*, 350 F. App'x 341, 345 (11th Cir. 2009) (affirming dismissal under *Rooker-Feldman* of challenge to child support and custody order). Each of plaintiff's claims are

inextricably intertwined with the state court's child support order and are therefore barred under the doctrine.

It is not clear from the complaint whether plaintiff's challenge to his child support obligations is fully resolved, or if such proceedings are ongoing. To the extent they are ongoing, *Younger* abstention bars plaintiff's claims. "*Younger* abstention is a common law equitable doctrine holding that a federal court should refrain from interfering with a pending state court proceeding." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 699 n.4 (9th Cir. 2004). *Younger* abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests; and (3) the state proceedings provide an adequate forum to raise federal questions. *Weiner v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994). Child support and custody proceedings implicate such important state interests that, even independent of *Younger*, "federal courts are . . . generally prohibited from interfering." *Lakhouiri v. Wolke*, No. 1:24-cv-1305-CL, 2024 WL 3791479, at *1 (D. Or. Aug. 13, 2024) (citing *Andenbrandt v. Richards*, 504 U.S. 689, 703-04 (1992)). The Multnomah County Circuit Court and Oregon Court of Appeals are adequate forums for such proceedings. Therefore, to the extent plaintiff's proceedings in state court are ongoing, *Younger* abstention applies.

Because plaintiff's claims are clearly barred by either the *Rooker-Feldman* doctrine or *Younger* abstention, they are without arguable basis in law or fact and his complaint cannot state a claim on which relief could be granted. As such, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e).

**B.    Immunity**

In addition to being subject to jurisdictional bars, plaintiff's complaint also seeks damages from defendants who are immune from suit. First, judges, including Judge Holmes-Hehn, "are absolutely immune from damage liability for acts performed in their official capacities."[1] *Ashelman v. Pope*, 793 F.2d

---

[1] It does not appear that plaintiff is seeking prospective injunctive relief here. *See* Compl. & Exhibits 14. But if he were, it would also be barred by immunity. In 1996, Congress amended 42 U.S.C. § 1983 through the Federal Courts Improvement Act of 1996 ("FCIA") "to limit the circumstances in which injunctive relief may be granted against judges." *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018). "Section 1983 (as amended by the FCIA) therefore

5

1072, 1075 (9th Cir. 1986) (en banc); *Forrester v. White*, 484 U.S. 219, 225 (1988) (observing the important role of judicial immunity in "protecting the finality of judgements" and "discouraging inappropriate collateral attacks"). Entering child support orders is a judicial act. *See Barclay v. Oregon Dep't of Justice*, No. 6:19-cv-00683-AA, 2019 WL 3806043, at *2 (D. Or. Aug. 13, 2019) (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Because Judge Holmes-Hehn's challenged orders constituted judicial acts and she did not act with "a complete absence of jurisdiction," *Barclay*, 2019 WL 3806043, at *2, she is immune from suit. *See Dinckan v. Mendez*, No. 25-cv-2160-RSH-DDL, 2025 WL 2734235, at *3 (S.D. Cal. Sept. 25, 2025) (holding that a claim arising out of a judge's "decision not to set aside [the plaintiff's] child support judgment[] is clearly barred by judicial immunity").

Next, plaintiff's claims against District Attorney Laura Rufalo are also barred by immunity. State prosecutors are entitled to absolute prosecutorial immunity for official acts taken as officers of the court. *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) ("[P]rosecutors are absolutely immune from liability in § 1983 lawsuits brought under such circumstances."); *see Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (citing *Stump*, 435 U.S. at 364) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities."). Having searched the complaint, the Court is unable to find any suggestion that Rufalo's acts were beyond her official capacity; she is therefore protected by prosecutorial immunity.

Finally, plaintiff's claims against Oregon must fail because they are barred by sovereign immunity. The Eleventh Amendment provides the states with sovereign immunity from suit. U.S. Const. amend. XI; *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254 (2011). Absent a waiver, or congressional abrogation, the courts cannot entertain an individual's suit against a state. *Id.* Although section 1983 allows constitutional suits against persons acting under color of state law, a state itself is not a "person" within the meaning of the statute. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). State agencies, such as the Oregon Department of Justice's Child Support Division, are also not

---

provides judicial officers immunity from injunctive relief even when the common law would not." *Id.*

"'persons' within the meaning of [section] 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004). Accordingly, section 1983 has not abrogated sovereign immunity and the State of Oregon and its agencies are immune from suit. Because plaintiff's complaint "seeks monetary relief against" three defendants who are each "immune from such relief," it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### C. Leave to Amend

Even with the leniency granted to *pro se* litigants, there is no way plaintiff can amend his complaint to cure the jurisdictional deficiencies under *Rooker-Feldman* and *Younger* or circumvent the absolute immunity enjoyed by defendants. *See, e.g.*, *Barclay v. Murphy*, No. 6:22-cv-00308-MC, 2022 WL 827187, at *2 (D. Or. Mar. 18, 2022) (dismissing complaint pursuant to *Rooker-Feldman* and denying leave to amend), *aff'd*, No. 22-35310, 2023 WL 5348821 (9th Cir. Aug. 21, 2023); *Salmons v. Oregon*, No. 1:17-cv-01104-MC, 2017 WL 3401270, at *7 (D. Or. Aug. 8, 2017) (denying leave to amend section 1983 claims dismissed pursuant to *Younger* abstention and sovereign immunity). Leave to amend is therefore denied.

### CONCLUSION

For the reasons stated herein, the Count GRANTS plaintiff's application to proceed *in forma pauperis*, ECF [1]. The Court DISMISSES plaintiff's complaint, ECF [2], pursuant to 28 U.S.C. § 1915(e). Because it is clear that amendment cannot cure the deficiencies in plaintiff's complaint, dismissal is WITHOUT LEAVE TO AMEND. The Court DENIES AS MOOT plaintiff's request for appointment of *pro bono* counsel, ECF [3]. Judgment shall follow.

IT IS SO ORDERED.

DATED this 2nd day of December, 2025.

_____
Adrienne Nelson
United States District Judge